IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BURTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CIV-12-1132-F |
| v. | ) |
| | ) |
| MR. UPTON, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons ("BOP") violated his constitutional rights by denying him eligibility for a sentence reduction under 18 U.S.C. § 3621(e). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be summarily denied.

Petitioner admits in the Petition that he has not exhausted BOP's administrative remedy procedures. Petitioner contends that BOP did not respond to his final administrative appeal to the agency's Central Office. Petition, at 4-5. Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available administrative remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford, 548 U.S. at 90. "A narrow exception to the exhaustion

1

requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . [but] [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile.").

Federal inmates pursuing § 2241 habeas relief exhaust their administrative remedies by complying with BOP's administrative remedy procedure set forth in 28 C.F.R. §§ 542.10-542.19. Evidentiary materials attached to the Petition reflect that Petitioner has exhausted three steps of the 4-step administrative remedy procedure employed by BOP. See Woodruff v. Wiley, 365 Fed.Appx. 951, 953, 2010 WL 537868, *1 (10th Cir. Feb. 17, 2010)(unpublished order)("BOP regulations establish a four-tiered administrative process to address and resolve inmate grievances.")(citing 28 C.F.R. §§ 542.10-542.16).

Nevertheless, despite Petitioner's failure to fully comply with BOP's administrative grievance procedure, the merits of his claims may be considered without considering the issue of exhaustion. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("[B]ecause no credible federal constitutional claim is raised in Montez's petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(1) [and deny the petition on the merits without considering exhaustion] . . . ."). See also Martinez v. Davis, 393 Fed.Appx. 570, 572, 2010 WL 3330287, * 1 (10th Cir. Aug. 25, 2010)(unpublished order)(considering merits of federal prisoner's § 2241 petition notwithstanding his failure to exhaust BOP's administrative grievance process).

In 2003, Petitioner pled guilty to and was convicted in the United States District Court

for the Eastern District of Virginia of the offense of conspiracy to distribute cocaine. For this conviction, Petitioner was sentenced to a 145-month term of imprisonment followed by a 5-year term of supervised release. At sentencing, the court imposed a two-level enhancement for Petitioner's possession of a firearm during the offense. Petitioner did not appeal the conviction and sentence. Petitioner's 28 U.S.C. § 2255 motion challenging this conviction was denied, and the denial was affirmed on appeal. United States v. Burton, 178 Fed.Appx. 273, 2006 WL 1193854 (4th Cir. May 3, 2006)(*per curiam*)(unpublished op.).

Following his incarceration, Petitioner completed the unit-based portion of a drug abuse program in July 2012 at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"). Petition, att. 17. BOP has discretion to grant a sentence reduction of up to one year to inmates who are nonviolent offenders and who complete a drug abuse program. 18 U.S.C. § 3621(e)(2)(B). But Petitioner was advised by a BOP official[1] that, pursuant to BOP regulations, he would not be eligible for a sentence reduction under § 3621(e)(2)(B) even if he did complete the program because of his sentence enhancement for firearm possession. He alleges that this action by BOP denied him ex post facto guarantees, due

---

[1] The notice Petitioner received indicated he was interviewed on January 31, 2005, in connection with a "§ 3621(e) Offense Review" and that a legal staff member of BOP's Designation and Sentence Computation Center determined that Petitioner's offense precluded him from early release eligibility due to his sentence enhancement for firearm possession. Petition, att. 3-4. The notice is dated January 10, 2012. In response to Petitioner's informal resolution form and administrative grievance, the drug abuse program coordinator and Warden Upton concurred in this determination. Petition, att. 1, 2, 5, 6, 8. On appeal to the regional administrator, the administrator informed Petitioner that his grievance was denied. Petition, att. 9, 10, 13. Petitioner appealed this decision to the General Counsel, but he asserts that the General Counsel did not respond to his grievance appeal. Petition, att. 14, 15.

process, and equal protection and conflicts with 18 U.S.C. § 3621(e).

I. The Statute and Implementing Regulations

Section 3621(b), in relevant part, requires BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Federal inmates who were convicted of a nonviolent offense and who successfully complete a drug abuse program are eligible for a reduction of their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). In 2000, BOP adopted a regulation implementing this statute which categorically excluded from early release inmates convicted of a felony "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.58(a)(1)(vi)(2000)(repealed Jan. 14, 2009). The BOP amended the regulation in 2009, but the new regulation continues to categorically exclude from early-release eligibility those inmates whose offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55(b)(5)(ii).[2]

---

[2]In promulgating the amended regulation, BOP expanded its reasoning and explained that it "chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess, or use firearms. As the Supreme Court noted in Lopez v. Davis, 'denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life.' Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences." 74 Fed.Reg. 1892, 1895 (Jan. 14, 2009).

4

In <u>Fristoe v. Thompson</u>, 144 F.3d 627, 631 (10th Cir. 1998), the Tenth Circuit Court of Appeals, addressing a regulation adopted by BOP in 1995 and a program statement issued in 1995 to clarify its regulation, held that BOP's reliance on a sentencing factor in determining an inmate's eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) violated the plain language of the statute. The Supreme Court addressed the issue, which had resulted in a split among the circuit courts, in <u>Lopez v. Davis</u>, 531 U.S. 230 (2001). See <u>Licon v. Ledezma</u>, 638 F.3d 1303, 1306-1307 (10th Cir. 2011)(explaining the history of BOP's regulation). Like Petitioner, the BOP determined that Lopez was not eligible for early release because he received a sentencing enhancement for possession of a firearm in connection with his offense of conviction. In <u>Lopez</u>, the Court held that § 3621(e)(2)(B) granted BOP discretion to categorically deny early release eligibility to certain classes of inmates and that BOP's final regulation, 28 C.F.R. § 550.58(a)(1)(vi)(2000), excluding early release to all inmates with a felony offense involving possession of a weapon was a permissible, reasonable exercise of the agency's discretion. <u>Id.</u> at 240-244.

II. <u>Grounds One and Two - conflict with § 3621(e)(2)(B) and due process violation</u>

Relying on the Tenth Circuit's decision in <u>Fristoe</u>, <u>supra</u>, Petitioner contends in grounds one and two that BOP cannot legally rely on sentencing factors in determining his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B). This argument is without merit. The Supreme Court in <u>Lopez</u> rejected the Tenth Circuit's reasoning and conclusion in <u>Fristoe</u>. In an unpublished decision, <u>Miller v. Gallegos</u>, 125 Fed.Appx. 934, 936 (10th Cir. 2005), the Tenth Circuit held that federal prisoners found ineligible for early release

5

consideration under 28 C.F.R. § 550.58(a)(1)(2000) were not entitled to habeas relief. Petitioner was considered for early release in 2005, long after BOP adopted its regulation on early release in 2000. In denying Petitioner early-release eligibility, BOP followed its valid regulation. See Petition, att. 13 (citing 28 C.F.R. § 550.58(a)(1)(vi) as the basis for the determination that Petitioner is precluded from early release consideration). BOP's reliance on its valid regulation in denying Petitioner's request for consideration for early release does not conflict with § 3621(e)(2)(B).

Petitioner has no constitutional right to a reduction of his valid sentence. See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Moreover, § 3621(e)(2)(B) does not create a liberty interest. Fristoe, 144 F.3d at 630. Petitioner was clearly notified of the reasons that BOP denied him consideration for early release under § 3621(e)(2)(B). He was advised that he was ineligible for early release under § 550.58, the regulation in effect at the time of his application for participation in the prison's drug abuse program, due to his sentence enhancement for possession of a firearm. Under Lopez, this decision is a valid exercise of the BOP's discretion. Therefore, BOP did not deny Petitioner due process when it denied him consideration for early release without affording him a hearing. See Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006)("A due process claim . . . can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered.").

III. Ground Two - Ex Post Facto

Under the Constitution, "[t]he *ex post facto* prohibition forbids the Congress and the

States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981)(quoting Cummings v. Missouri, 4 Wall. 277, 325-326 (1867). The prohibition is intended to provide "fair warning" of the effect of criminal laws. Id. Thus, the "lack of fair notice" is "[c]ritical" to an ex post facto claim. Id. at 30.

Petitioner asserts that BOP's legal staff relied on a "more restriction version" of 28 C.F.R. § 550.55 adopted in 2009 in deciding to deny Petitioner early-release eligibility, even though his "clinical interview date was Jan. 31, 2005, which established the operative policy to be applied for early release consideration." Petition, at 4. Petitioner asserts that the drug abuse program coordinator who responded to his administrative grievance relied on the earlier version of the regulation, 28 C.F.R. § 550.58 (2000), as well as an internal BOP guideline, Program Statement 5162.04, in determining Petitioner was not eligible for early-release consideration.

As explained herein, BOP's final regulation adopted in 2000, prior to Petitioner's guilty plea and conviction and prior to his application and interview in 2005, contained the categorical exclusion from early-release eligibility of offenders whose offenses involved the possession or use of a firearm. This regulation was upheld in Lopez, and the same exclusion appears in the 2009 version of the regulation. Thus, whether the 2009 regulation or the 2000 regulation was used by BOP in determining Petitioner's eligibility for early release, he has not shown that BOP "impose[d] a punishment for an act which was not punishable at the time

it was committed . . . ." Weaver, 450 U.S. at 28.  Petitioner has not demonstrated an ex post facto violation.

IV. Ground Three - Equal Protection

In ground three, Petitioner asserts that he has been subjected to an equal protection violation because "[i]nmates in this circuit with convictions under the same Title 18 U.S.C. § 846, with firearm possession enhancement, have been granted early release reduction" and he is therefore being treated differently from other inmates "in this circuit." Petition, at 5.

With his equal protection claim, Petitioner has not alleged the deprivation of a fundamental right or membership in a suspect class, and therefore judicial review of BOP's actions is "quite deferential." Gwinn v. Awmiller, 354 F.3d 1211, 1228 (10th Cir.), cert. denied, 543 U.S. 860 (2004).  In order to withstand an equal protection challenge, Petitioner must show that any difference in treatment was not reasonably related to legitimate penological interests.  Id. See Price-Cornelison v. Brooks, 524 F.3d 1103, 1110 (10th Cir. 2008)(in equal protection challenge rational basis test is applied if "the challenged government action does not implicate a fundamental right or a protected class").

Because the regulation applied by BOP to deny Petitioner early-release consideration is rationally related to the legitimate governmental purpose of preventing the early release of potentially violent inmates, BOP's application of its regulation to Petitioner did not violate his right to equal protection. Petitioner's assertion that BOP acted in contravention to its own regulation and granted  early-release consideration for other inmates whose  offenses involved the possession of a firearm is unsupported by specific facts.  Although in his

informal resolution request Petitioner alleged in conclusory fashion that he had been subjected to an "equal protection" violation, Petition, att. 1, Petitioner did not allege any facts in his informal resolution request, grievance, or grievance appeals showing that he was similarly situated to other inmates who had been granted early release consideration.

In his administrative grievance appeal, Petitioner referred to an unpublished 2003 decision by the Tenth Circuit Court of Appeals in Griggs v. United States, 79 Fed.Appx. 359 (10th Cir. Oct. 17, 2003). In that decision, the appellate court found that this Court had no jurisdiction to consider the merits of the petitioner's § 2241 petition, vacated this Court's decision, and directed that the case be transferred to the United States District Court for the Northern District of Texas, where the inmate was confined. This decision is not relevant to Petitioner's grounds for relief asserted in his Petition. Thus, Petitioner's equal protection claim has no merit.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 22541 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 20th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of   November  , 2012.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE